The decision below is signed as a decision of

the court.

Signed: November 05, 2007.



```
_____
         S. Martin Teel, Jr.
      United States Bankruptcy Judge
```

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                           )
                                )
FRANCES E. HAYLOCK,             )   Case No. 07-00235
                                )   (Chapter 13)
            Debtor.             )   Not for Publication in
                                )   West's Bankruptcy Reporter
```

INTERIM MEMORANDUM DECISION REGARDING ATTORNEY'S FEES SOUGHT
PURSUANT TO THE MOTION OF THE GEORGE BASILIKA TRUST FOR SANCTIONS

The Motion for Sanctions (Docket Entry No. 20) filed by the George Basilika Trust led to an Interim Order Re Motion for Sanctions (Docket Entry No. 37) signed on June 20, 2007, which recited in full:

> On this date, the court heard the Motion for Sanctions (Docket Entry No. 20) filed by the George Basilika Trust, and rendered an oral decision concluding that the Trust is entitled to recover from the debtor's counsel as sanctions under F.R. Bankr. P. 9011(b) the fees and expenses it has incurred as a result of the improper filing of this case when there was no reasonable basis for believing that the debtor was eligible under 11 U.S.C. § 109(h) to file a bankruptcy case.  To some extent the fees and expenses may relate to enforcement of the Trust's rights under its deed of trust and promissory note and be recoverable from the debtor directly, but the court concluded that none of the fees and expenses ought to be recovered from the debtor under Rule 9011.
> The fees and expenses should be recoverable from the debtor's counsel under F.R. Bankr. P. 9011 without

```
     awaiting the outcome of efforts to collect the amounts
     from the debt or to the extent she is contractually
     obligated to pay such amounts. To the extent that the
     fees and expenses are paid by the debtor prior to being
     paid by her counsel, the Trust is not entitled to a
     double recovery.  But there is no assurance of a
     recovery from the debtor, and the Trust is entitled to
     be made whole without any delay that attempting to
     collect from the debtor might entail.
          Moreover, some of the fees and expenses incurred
     by reason of the filing of the improper case would
     appear to be recoverable solely from the debtor's
     counsel, namely, the fees and expenses that relate to
     prosecution of the Motion for Sanctions (under Rule
     9011) and of a Motion to Examine Debtor's Transactions
     With Counsel (under 11 U.S.C. § 329(b)).  The purpose
     of a Rule 9011 motion is to deter improper filings and
     the Rule 9011 relief is being awarded only against the
     debtor's counsel.  The purpose of relief under § 329(b)
     is to limit the fees charged to a debtor to a
     reasonable amount and is directed against only the
     debtor's counsel.  Accordingly, the part of the fees
     and expenses incurred in the pursuit of relief under
     Rule 9011 and § 329(b), including preparation of the
     statement of fees and expenses to be recovered under
     Rule 9011, probably is not recoverable contractually
     from the debtor.
          In light of the foregoing, it is
          ORDERED that the Motion for Sanctions (Docket
     Entry No. 20) is GRANTED IN PART AND DENIED IN PART as
     follows:
          1.  The Motion for Sanctions is denied with
     respect to the request to impose sanctions on the
     debtor.
          2.  The Motion for Sanctions is granted with
     respect to the debtor's counsel.
          3. By July 20, 2007, the George Basilika Trust
     shall file a statement of fees and expenses incurred by
     reason of the improper filing, together with a proposed
     order to recover from the debtor's counsel the specific
     dollar amount of such fees and expenses, and within 11
     days after service of the same, the debtor's attorney
     may file any objection he has to the reasonableness of
     the fees and expenses claimed.
```

On June 27, 2007, the George Basilika Trust filed a Statement of

Legal Fees Regarding Motion for Sanctions, reciting the hours

spent on the matter.  A total of 10.2 hours was spent and at the Trust's attorney's usual hourly rate of $325.00, the amount of fees set forth in this Statement totals $3,315.00.  On July 9, 2007, the debtor's counsel filed a reply (the "Reply").

                                I

The Reply in effect seeks reconsideration of the court's ruling that the debtor's counsel violated Rule 9011.  In that regard, it raises three separate arguments.

It argues, first, that "a debtor who undertakes efforts at credit counseling, even at a non-approved agency, for some period of time which this debtor said . . . was over some odd two weeks meets the standard of 11 U.S.C. § [109(h)(3)(A)(ii)]."  Reply at 13.  However, § 109(h)(3)(A)(ii) requires that the unsuccessful request for credit counseling services have been sought "from an approved nonprofit budget and credit counseling agency."  The debtor plainly had not complied with this requirement and thus was ineligible to be a debtor, and her counsel could not file the

petition without violating Rule 9011.[1]

The Reply then makes a meritless argument regarding the requirement in § 109(h)(3)(A)(ii) that after the required request for credit counseling was made, the debtor "was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request." The Reply argues that the 5-day period following the making of the required request need not have been a 5-day prepetition period, citing In re DiPinto, 336 B.R. 693, 699-700 (Bankr. E.D. Pa. 2006), which stands for the proposition that the 5-day period may straddle the petition date.  Even if that proposition is correct, it is irrelevant here because the debtor never made the required request of an approved agency.

To the extent that the debtor's counsel's argument is that

---

[1] The Reply explains at further length that:

> The Debtor had relayed to counsel that she had attempted to seek credit counseling and bankruptcy or foreclosure protection from her church. The Debtor further stated that she had a relative who had attempted to assist her briefly with internet and finding credit counseling without success. When asked over what period these efforts had taken place, the Debtor communicated that it had been over approximately two weeks some time recently.

Reply at 2.  There is no suggestion that the debtor represented that she had made a request of an approved agency.  Her counsel appears to have filed the petition in the belief that the imminence of a foreclosure sale, leaving no time to seek credit counseling, is an extraordinary circumstance justifying his disregarding the requirements of § 109(h).

the request under § 109(h)(3)(A) to an approved agency for credit counseling can be made postpetition, § 109(h)(3)(A), when read in the context of § 109(h) as a whole, cannot in any fashion be read to support such an interpretation.  Accordingly, the argument is not one "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law" as required by Rule 9011(b)(2).

The Reply finally cites decisions, including the seminal decision in In re Hess, 347 B.R. 489 (Bankr. D. Vt. 2006), in which courts have treated § 109(h) as a non-jurisdictional requirement and declined to dismiss bankruptcy cases despite a failure to comply with 11 U.S.C. § 109(h).  See also In re Enloe, 373 B.R. 123 (Bankr. D. Colo. 2007); In re Nichols, 362 B.R. 88 (Bankr. S.D.N.Y. 2007); In re Manalad, 360 B.R. 288 (Bankr. C.D. Cal. 2007); In re Kernan, 358 B.R. 537 (Bankr. D. Conn. 2007); In re Meza, 2007 WL 1821416 (E.D. Cal. June 25, 2007).[2]  Those

---

[2]  Relying on Arbaugh v. Y & H Corp., 546 U.S. 500 (2006) (Title VII's 15-employee threshold is an ingredient of a claim for relief, rather than a jurisdictional element), the court in Meza, 2007 WL 1821416 at *2, concluded that § 109(h) is not jurisdictional and, instead, constitutes a factual element of a claim to relief under the Bankruptcy Code.  This court has reached a different conclusion, reasoning that debtor eligibility is a prerequisite to this court's jurisdiction under a plain reading of 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. § 301(a).  In re Hawkins, 340 B.R. 642, 643-46 (Bankr. D.D.C. 2006).  I note, however, that no party in Hawkins cited Arbaugh v. Y & H Corp. , and that nothing precluded the court's raising the eligibility issue *sua sponte* even if it were only an element of the debtor's claim to bankruptcy relief.

5

decisions are open to possible criticism,[3] but even if those decisions were correctly decided, they only hold that when some error regarding compliance with § 109(h)(3) has occurred due to negligence, the court has discretion to permit the case to remain pending. They do not stand for the proposition that an attorney, knowing that the debtor cannot satisfy the requirements of § 109(h) or having failed to make adequate inquiry in that regard, satisfies the requirements of Rule 9011 when he proceeds to sign and file a petition on the debtor's behalf. Indeed, in Enloe, 373 B.R. at 134-35, the court, although declining to dismiss the case, imposed sanctions against the debtor's counsel for having filed a petition when he negligently believed that the debtor satisfied the credit counseling requirement of § 109(h).

The court recognizes that the debtor's counsel, faced with tight time constraints, acted on the impulse of assisting a debtor who was in need of immediate bankruptcy relief. However, the non-compliance with § 109(h) was plain, and thus made the debtor plainly ineligible for bankruptcy relief. The debtor's counsel's filing of a petition notwithstanding his knowledge that the debtor was ineligible for bankruptcy relief warrants

---

[3] If a debtor cannot satisfy § 109(h) as an element of his claim to bankruptcy relief (see n.2, supra), and the issue has not been waived, then denying the debtor bankruptcy relief would arguably be the only course available (and dismissal would be the procedure utilized to deny such relief). If the debtor is not eligible for bankruptcy relief, and the issue has not been waived, how can the case remain pending?

sanctions.  The debtor's counsel's obligation was to advise the debtor that, because she had made no request for prepetition credit counseling from an approved agency, she was ineligible to file a petition and to decline to file a petition on her behalf unless and until she could satisfy § 109(h).  The debtor plainly was ineligible to file a petition even though the debtor was elderly and unsophisticated, had not appreciated the necessity of obtaining prepetition credit counseling, and faced an imminent foreclosure sale.

On occasion, § 109(h) produces harsh results, but it is the law of the land.  If an attorney knows that a debtor is ineligible for bankruptcy relief based on § 109(h), as occurred here, that attorney cannot file a bankruptcy petition on behalf of the debtor without violating Rule 9011.

II

The debtor's counsel next argues that in imposing sanctions, the court should impose only such sanctions as are necessary to deter violations of Rule 9011.  However, the court must take into account that the Rule 9011 violation here might not have been addressed, and have served its deterrent purpose, had the Trust not raised and litigated the issue.  The impact of awarding reasonable compensation to such a party is an appropriate consideration in determining what is necessary to serve as a deterrent (because without such compensation, the fees might be a

7

disincentive to the pursuit of the motion).

### III

The debtor's counsel also questions the appropriateness of the Trust's counsel's time entries given the relatively short duration of the hearing and the relative simplicity of the issues and of the papers filed by the Trust's counsel. The challenges to the reasonableness of the time entries raise factual issues requiring an evidentiary hearing at which the Trust can respond to the challenges raised by the Reply. The court, however, will direct the parties to confer before the hearing regarding what is an appropriate award in an effort to avoid another hearing.

Although an evidentiary hearing may be necessary, I make some observations in advance of the hearing. The court's recording of the June 20, 2007, hearing reflects that the hearing, which was scheduled to begin at 9:30 a.m., began at 10:02:57 a.m. and concluded at 10:59:20 a.m., and travel time (even if compensated or compensated at a reduced rate) should be kept at a bare minimum. The Trust's counsel's time entries for the amount of time spent attending the hearing may thus be excessive. In determining the amount of reasonable fees, the court may temper that determination (for example, by imposing a high standard of proof with respect to the reasonable fee to be imposed) because the award should only be in an amount necessary to serve the deterrent purposes of Rule 9011, and because the

obvious violation of Rule 9011 ought to have permitted the Trust's counsel to keep time spent on the matter at a modest level.

An order follows.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee; Jeffrey Sherman, Esq.; Office of U.S. Trustee.